UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLA COSTA,<br><br>Plaintiff,<br><br>v.<br><br>LAKESIDE MANAGEMENT CORP., LIBERTY STATION LLC, GERARD LORUSSO, JOSEPH BARTUCCA, STEPHEN MELTZER, CATHERINE DIESSO, DEBORAH WILLIAMS, AMANDA HUYLER, DANIEL BEAL, and VICTOR FERREIRA,<br><br>Defendants. | CIVIL ACTION<br>NO. 25-13830-WGY |

YOUNG, D.J. November 3, 2026

**MEMORANDUM AND ORDER**

For the reasons set forth herein, pursuant to 28 U.S.C. § 1915(e)(2)[1], the plaintiff, Ella Costa's ("Costa") action is hereby DISMISSED with PREJUDICE as to all defendants. The Court need not, and does not, reach the arguments presented in the several motions to dismiss brought by the appearing Defendants, Deborah Williams ("Williams"), Daniel Beal ("Beal"), Catherine

[1] Costa is proceeding in forma pauperis, and therefore pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii), this action is subject to statutory screening. Section 1915 mandates that this Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Diesso ("Diesso"), Gerard Lorusso ("Lorusso"), and Victor Ferreira ("Ferreira") (collectively, "the Appearing Defendants").[2] See ECF Nos. 29, 43, 59 and 66, and each motion is DENIED as MOOT.

Costa is proceeding pro se. Of course, "[a] party has a right to represent [herself] or to be represented by an attorney" in federal court. McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); see 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein"). Exercising that right to proceed without a lawyer is not without its potential pitfalls. Oftentimes, unrepresented parties misunderstand the nuance of procedural and substantive law when pursuing their claims in multiple fora, or in successive actions. See Weinberg v. Mangal, No. CV 26-13362-WGY, 2026 WL 3168839 (D. Mass. Oct. 22, 2026). While the federal courts treat pro se parties with some latitude, as they are laypersons untrained in the law, pro se parties are nonetheless ultimately bound by it to the same extent as represented parties. See Block v. U.S., 768 F. Supp. 3d 221, 225 (D. Mass. 2025) (Guzman, J.). This case is an example of

---

[2] The Defendants.

where such a plaintiff's misunderstanding results in her action being properly barred in this Court after initiating contemporaneous parallel state court actions.

## I. BACKGROUND

The Court presumes the parties' familiarity with the underlying history of this action, and summarizes only what is necessary. The Court takes judicial notice of the filings that reside on the dockets of the courts of the Commonwealth.

In late 2025, the Plaintiff, Ella Costa ("Costa") filed two actions in Norfolk Superior Court, Costa et al. v. Lakeside Management LLC, Deborah Williams and Amanda Huyler, 2582CV01286 (Norfolk Superior Court) ("Costa I") (filed on November 18, 2025 ("Costa I Am. Compl.), ECF No. 67-4) and Costa et al. v. Catherine Diesso, Deborah Williams, Amanda Huyler, Victor Ferreira, Daniel Beal, Gerard Lorusso, and Joe Bartuca, 2582CV01350 (Norfolk Superior Court)("Costa II")[3] (filed December 8, 2025 ("Costa II, Am. Compl.", ECF No. 67-3)) (Costa I and Costa II are collectively, "the Norfolk Superior Court Actions"). The Norfolk Superior Court Actions are both based upon the same nucleus of operative facts relating to her tenancy at her apartment.

[3] All of the Appearing Defendants here are also named as defendants in Costa II.

Costa filed this action on December 12, 2025, making similar factual and legal claims as in the Norfolk Superior Court Actions. See Compl., ECF No. 1.

On May 8, 2026, in the Housing Court, Costa filed an emergency motion for preliminary injunction (without a complaint) in the Housing Court, styled Costa et al. v. Williams et al., 26H82CV00148 ("Costa III"), against Lakeside Management, and defendants Bartucca, Lorusso, and Williams. That action asserts the similar fact pattern, but for the first time references the Fair Housing Act.

On May 11, 2026, Costa filed yet another action in the Housing Court styled Costa et al. v. Williams et al., 26H82CV00152 ("Costa IV"; Costa III and Costa IV are collectively, "the Housing Court Actions"), against the same defendants as in Costa III. Costa IV Compl., ECF No. 67-6. Costa in her Costa IV complaint references **this** action and Costa I as related actions -- admits they arise from the same facts -- and overtly states that she is splitting her federal claims and state claims between the federal and state courts:

> II. JURISDICTION AND VENUE
>
> 3. This Court has jurisdiction under M.G.L. c. 212, § 3, as the matter involves violations of Massachusetts anti-discrimination laws. Supplemental jurisdiction exists for federal claims under 28 U.S.C. § 1367, as they arise from the same facts. Venue is proper in County] under M.G.L. c. 223, § 1, as the events occurred at Plaintiffs' residence within this jurisdiction.
>
> 4. Related cases are pending: Plaintiffs' action in Massachusetts Superior Court (Docket No. 2582CV01286) and Ella Costa's federal action (Case No. 1:25-cv-13830-WGY). These cases involve overlapping facts, and this complaint avoids claim preclusion under Federal Rule of Civil Procedure 8(c) by focusing on distinct state-law aspects.

Costa IV Compl. ¶¶ 3-4. The Housing Court Actions were consolidated on August 17, 2026.

The Norfolk Superior Court Actions have since been dismissed for failure to state claim, see Mem Dec. & Order Defs.' Mot. Dismiss (Costa I), ECF No. 67-8; Mem Dec. & Order Defs.' Mot. Dismiss (Costa II), ECF No. 67-7, and the Housing Court Actions, after consolidation, have been dismissed on the ground of prior pending actions under Mass. R. Civ. P. 12(b)(9), and alternatively barred on principles of res judicata and collateral estoppel. See Order at 6-7, Costa III and Costa IV, ECF No. 67-11.

## II. ANALYSIS

On September 24, 2026, the Court held a status conference, during which the Court also heard the single ripe motion to dismiss. Electronic Clerk's Notes, ECF No. 53. Though the Appearing Defendants have moved to dismiss on the grounds of collateral estoppel or issue preclusion, the Court explored the broader issue of res judicata, or claim preclusion when it became clear that Costa misunderstood the jurisdictional boundaries of the claims she brings here, and how they interact with the Norfolk Superior Court Actions and Housing Court Actions.[4]

Costa does not dispute that her claims in this action and her state court actions all arise from the same nucleus operative fact -- in any event they certainly do. Rather, Costa explained to the Court that she brought the federal claims under the Fair Housing Act in this action because she believed those

[4] The preclusive effect of Massachusetts Superior Court and Housing Court dismissals is determined by Massachusetts law. As discussed in more detail below, "Massachusetts recognizes two kinds of res judicata, claim preclusion and issue preclusion." In re Sonus Networks, Inc., S'holder Derivative Litig., 499 F.3d 47, 56 (1st Cir. 2007). The Defendants' motions all proceed primarily on collateral estoppel or issue preclusion. The Court discussed res judicata at the hearing in broad terms, and the parties, including Costa, had an opportunity to argue the broader res judicata issue.

federal claims could only be brought in federal court.[5] The Court explained to Costa that if her claims here could have been brought in the earlier state court actions and the dismissals of those actions were final for purposes of res judicata under Massachusetts law, her action would likely be barred in this Court.

The Court took the matter under advisement to satisfy itself that Costa's FHA claims could have been brought in the Norfolk Superior Court Actions, to confirm that the dismissals operated as final judgments, and to permit the parties time to submit further filings. Trial was set for November 9, 2026; and is currently set for November 16, 2026. See Electronic Clerk's Notes, ECF Nos. 53, 69. The Court, having satisfied itself as to its concerns, and after opportunity for Costa to be heard, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), now rules that Costa's claims in this action in their entirety are barred under principles of res judicata, specifically claim preclusion.

---

[5] Costa doubled down on this assertion in her post-hearing motion to amend the record in which she claims that her separation of her state and federal claims "avoids piecemeal adjudication" and that "Federal jurisdiction is therefore **exclusive** for the federal claims asserted." Mot. Amend. Record, Retain Fed. Jurisdiction, and Reconsideration at 2-3 (emphasis added), ECF No. 52. As set forth infra, while Costa is correct that federal courts have original jurisdiction over FHA claims, they do not have exclusive jurisdiction, but rather concurrent jurisdiction with the Superior Court.

"Under Massachusetts law, as articulated by [the First Circuit], the claim-preclusive variety of res judicata requires the presence of three elements: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Ameral v. JPMorgan Chase Bank, N.A., No. 19-2077, 2023 WL 1880398, at *1 (1st Cir. Jan. 6, 2023) (cleaned up). In sum, "res judicata, i.e., claim preclusion, makes a valid final judgment conclusive on the parties and prevents re-litigation of all matters that were or could have been adjudicated in the action." Id. (cleaned up). Said another way, "[f]or claim preclusion to apply, the respective parties must be identical or in privity with the parties in the prior action, the causes of action must be the same or arise from the same nucleus of operative facts, and there must have been a final judgment on the merits in the prior action. Liu v. Tufts Med. Ctr., Inc., 825 F. Supp. 3d 20, 26 (D. Mass. 2026) (citing Goldstein v. Galvin, 719 F.3d 16, 23 (1st Cir. 2013)).

"While Massachusetts' case law does not directly address the relevance of the order in which parallel actions are filed, the general rule is that 'when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action ..., regardless of which

action was first brought.' Giragosian v. Ryan, 547 F.3d 59, 63-64 (1st Cir. 2008) (quoting Restatement (Second) of Judgments § 14, cmt. a (1982)); and quoting Blair v. Equifax Check Servs., Inc., 181 F.3d 832, 838 (7th Cir.1999) ("When the cases proceed in parallel, the first to reach judgment controls the other, through claim preclusion (res judicata)."); Hogue v. Royse City, 939 F.2d 1249, 1255 (5th Cir. 1991) ("[B]ecause a later-filed claim can be preclusive of an earlier-filed claim, simultaneous filing of multiple claims in different forums based on the same cause of action will not avoid the application of res judicata."). Essentially, by filing multiple actions, Costa started, perhaps unintentionally, a race to judgment.

All of the elements for claim preclusion are met here. First, most of the defendants in this action are identical and named at various points in Costa I,[6] Costa II, and this action.[7] Of the two defendants that are **not** identical, Liberty Station LLC and Stephen Meltzer, they have sufficient identity. Liberty Station LLC is allegedly the owner of the apartment complex. By logic, Liberty Station LLC acts through the various identified

---

[6] Lakeside Management Corp. was apparently misidentified as Lakeside Management LLC in Costa I. Costa I Compl. ¶4; Compl. ¶ 4.

[7] The Court does not address Costa III and Costa IV because the Housing Court dismissed those actions not on the merits, but because of prior pending actions in the Superior Court and this Court. See Order at 6 Costa III, Costa IV.

defendants, see Costa II Am. Compl. ¶¶ 9-13 (identifying certain individual defendants as employees of Liberty Station LLC), and therefore has sufficient privity. Similarly, as for Meltzer, the allegations of the complaint confirm they are respondeat superior claims, that ostensibly arise from the other named defendants. See Compl. ¶ 19 ("Defendant Stephen Meltzer, . . . failed in oversight, enabling the pattern under respondeat superior."); ¶ 22 (describing "Meltzer's lack of protocols" as enabling defendants Williams's and Diesso's alleged misconduct). Accordingly, there is sufficient identity as well.

Second, the claims are sufficiently identical. As an initial matter, Costa's federal claims under the FHA **could** certainly have been brought in the Norfolk County Superior Court Actions. Specifically, Congress legislated as part of the FHA a private right of action, where it specifically mandated that "an aggrieved person may commence a civil action in an appropriate United States district court **or State court.**" See 42 U.S.C. § 3613. What this means is that **both** this Court and the courts of the Commonwealth are appropriate fora for the FHA claims she brings here. While it is understandable why Costa might believe this Court has exclusive jurisdiction, that is not the law.

The FHA claims have sufficient identity of claims with Costa II.[8] "Under Massachusetts law, '[a] claim is the same for [claim preclusion] purposes if it is derived from the same transaction or series of connected transactions.'" Alston v. Town of Brookline, 997 F.3d 23, 39 (1st Cir. 2021) (quoting Saint Louis v. Baystate Med. Ctr., Inc., 30 Mass.App.Ct. 393, 399 (1991)). Costa does not dispute these claims all arise from the same nucleus of operative fact. Examination of the complaints confirm this: for example, the facts alleged in Costa II and this action are virtually identical, if not more detailed in that case. The FHA claims relate directly to those same facts. Compare Costa II Compl. and Compl. Accordingly, the FHA claims (Counts I, II, and III) have sufficient identity for purposes of claim preclusion. See Steele v. U.S. Dept. of Hous. & Urb. Dev., No. 3:17-CV-30049-KAR, 2022 WL 4096928, at *4 (D. Mass. Sept. 7, 2022) (dismissing FHA claims as barred by claim preclusion), aff'd sub nom. Steele v. Way Finders, Inc., No. 22-1739, 2023 WL 10709997 (1st Cir. Oct. 11, 2023). As for the state claims those could have been brought as well.

Finally, as to the third element, the Norfolk Superior Court Actions' dismissal under Rule 12(b)(6) of the Massachusetts Rules of Civil Procedure constitute final

[8] The same analysis applies to much of Costa I.

judgments for claim preclusion purposes. See Ameral, 2023 WL 1880398, at *1 (holding Superior Court action "involved the same parties and was dismissed for failure to state a claim, which constitutes a final judgment on the merits for purposes of preclusion.") (citing Mestek, Inc. v. United Pac. Ins. Co., 40 Mass. App. Ct. 729, 731 (1996)). "In addition, under both Massachusetts and federal law, a final judgment has preclusive effect even while appeals are pending." Bostwick v. 44 Chestnut St., No. 17-CV-12409-ADB, 2019 WL 1396408, at *4 (D. Mass. Mar. 27, 2019) (Burroughs, J.). The Superior Court's dismissal in Costa I and Costa II are final judgments on the merits.

In sum, now that a court of competent jurisdiction has decided the action from which **all** claims that were **or could** have been brought in that action, as here by the Norfolk Superior Court in Costa I and Costa II, this Court must respect those judgments. See Padmanabhan v. Hulka, 308 F. Supp. 3d 484, 490 (D. Mass. 2018) (citing Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996)), aff'd, No. 18-1301, 2019 WL 10378226 (1st Cir. July 10, 2019).

## III. CONCLUSION

Accordingly, for the reasons stated above, this action is DISMISSED with PREJUDICE pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted under the doctrine of res judicata, or claim preclusion. The

Court need not and does not reach the merits of the motions to dismiss, ECF Nos. 29, 43, 59 and 66, which are each DENIED as MOOT, and the Clerk is directed to close the case.

**SO ORDERED.**

William G. Young

WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[9]

[9] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.